# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| STEPHANIE MCCLELLAN, | ) |
| Plaintiff, | ) |
| v. | ) No. 5:23-CV-06003-DGK |
| MARTIN O'MALLEY, | ) |
| Commissioner of Social Security, | ) |
| Defendant. | ) |

## ORDER REMANDING THE CASE FOR FURTHER PROCEEDINGS

This case arises from the Commissioner of Social Security's ("the Commissioner") denial of Plaintiff Stephanie McClellan's application for supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381–1383f. The Administrative Law Judge ("ALJ") found Plaintiff had severe impairments of personality disorder, neurocognitive disorder, depressive disorder, degenerative disc disease, status post neck surgery, osteoarthritis of the right hip, and hearing loss. Nevertheless, the ALJ found she retained the residual functional capacity ("RFC") to perform unskilled sedentary work, including work as a semiconductor bonder, lens inserter, and wire wrapper.

Because the Court cannot determine from the existing record whether the ALJ's decision is supported by substantial evidence, this matter is REMANDED to the Commissioner for further proceedings consistent with this Order.

### Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff applied for SSI on May 13, 2020, alleging a disability onset date of April 7, 2020. The Commissioner denied the application at the initial claim level, and Plaintiff appealed the denial to an ALJ. On December 6, 2021, the ALJ issued a decision finding Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on November 7, 2022, leaving the ALJ's decision as the Commissioner's final decision. Judicial review is now appropriate under 42 U.S.C. § 405(g).

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole and whether the ALJ committed any legal errors. *Igo v. Colvin,* 839 F.3d 724, 728 (8th Cir. 2016). Substantial evidence is less than a preponderance but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the Court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The Court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015); *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1157 (2019) (noting the substantial evidence standard of review "defers to the presiding ALJ, who has seen the hearing up close"). The Court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue,* 646 F.3d 549, 556 (8th Cir. 2011).

## Discussion

The Commissioner follows a five-step evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A). Plaintiff argues the ALJ's decision is not supported by substantial evidence because the ALJ improperly evaluated (1) Plaintiff's subjective reports; and (2) two treating providers' opinions.

### I. Plaintiff's subjective reports.

Plaintiff argues the ALJ's RFC determination is not supported by substantial evidence because the ALJ relied on a selective reading of the record to discount her subjective reports.

A claimant's RFC is the most the claimant can do despite her physical or mental limitations. See 20 C.F.R. § 404.1545(a)(1). "The Commissioner must determine a claimant's RFC based on all of the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of [her] limitations." *Schmitt v. Kijakazi*, 27 F.4th 1353, 1360 (8th Cir. 2022) (quotation omitted). As noted above, we will not disturb an ALJ's RFC finding as long as it is supported by "substantial evidence [in] the record as a whole." *Igo*, 839 F.3d at 728.

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) [her] impairments, alone or combined, are medically severe; (3) [her] severe impairments meet or medically equal a listed impairment; (4) [her] residual functional capacity precludes his past relevant work; and (5) [her] residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 404.1520(a)–(g). Through step four of the analysis the claimant bears the burden of showing she is disabled. After the analysis reaches step five, the burden shifts to the Commissioner to show that there are other jobs in the economy the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

"When evaluating a claimant's subjective complaints of pain, the ALJ must consider objective medical evidence, the claimant's work history, and other evidence relating to (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the claimant's functional restrictions." *Schwandt v. Berryhill*, 926 F.3d 1004, 1012 (8th Cir. 2019) (citing *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984), and 20 C.F.R. § 404.1529(c)). Although the ALJ need not discuss each of these factors, *Buckner*, 646 F.3d at 558, "the ALJ must still explain [her] decision to discount subjective complaints such that the Court can determine whether substantial evidence supports it." *Butterworth v. Kijakazi*, No. 21-CV-03323-NKL, 2022 WL 17975752, at *3 (W.D. Mo. Dec. 28, 2022). The ALJ "may not discount a claimant's subjective complaints solely because the objective medical evidence does not fully support them." *Id.* (quotation omitted).

Here, the ALJ found Plaintiff's subjective "statements about the intensity, persistence, and limiting effects of her symptoms . . . [were] not fully consistent with the record, including both her [1] objective examination findings and [2] her activities of daily living." R. at 15. Looking first to the objective examination findings, the ALJ limited Plaintiff to sedentary work with additional restrictions based on imaging of her right hip osteoarthritis showing severe degeneration with no acute bony pathology, cervical imaging showing moderate to severe spondylosis among other things, examinations showing some decrease in her bilateral upper extremity reflexes, and an examination finding her bilateral upper and lower extremity strength was 5/5 and her sensation was intact. *Id.*; *see* R. at 509, 529–30, 546, 799, 801. Based on the objective strength findings, the ALJ discounted Plaintiff's testimony that she had no strength in her shoulders. R. at 15. The ALJ did not explicitly reject Plaintiff's other subjective statements regarding pain, specifically her

4

testimony that she experiences debilitating pain two to three times per week that requires her to lay down all day. R. at 53–54.

Next, the ALJ determined Plaintiff could perform simple and repetitive tasks based on the following activities: Plaintiff sits with her mentor's husband during the day a few days per week; drives to the store and her daughter's house; and helped care for her grandmother in the past. R. at 16. But the ALJ did not address Plaintiff's testimony that debilitating pain prevented her from doing any of these things two to three times per week. In essence, the ALJ only discussed the daily activities Plaintiff engages in *when she feels well*; she "did not address or consider how often the daily activities were substantially limited, or did not occur, when Plaintiff suffered from symptoms caused by" her severe impairments. *Mahaffey v. Saul*, No. 19-CV-3433-S-WBG, 2021 WL 674015, at *6 (W.D. Mo. Feb. 22, 2021) (citing 20 C.F.R. § 404.1529(a)) (remanding, in part, where the ALJ only discussed daily activities that occurred when plaintiff felt well); *see Butterworth*, 2022 WL 17975752, at *3 (remanding, in part, where the ALJ did not explain why she limited plaintiff's cane usage to only walking when plaintiff testified he also needed a cane to stand and balance); *Gayer v. Saul*, No. 19-CV-03302-DGK-SSA, 2020 WL 4937511, at *2 (W.D. Mo. Aug. 24, 2020) (remanding, in part, where the ALJ did not discuss plaintiff's uncontroverted testimony that she could engage in daily activities "only when she was not experiencing a headache," which she experienced "fifteen to eighteen times per month" (emphasis removed)).

Because the ALJ's decision did not discuss or acknowledge Plaintiff's testimony when considering the objective medical evidence or Plaintiff's daily activities, the Court cannot determine whether substantial evidence supports the ALJ's RFC determination. *See* Social Security Rule 16-3p (requiring the ALJ "explain which of an individual's symptoms [she] found consistent or inconsistent with the evidence in his or her record and how [her] evaluation of the

individual's symptoms led to [her] conclusions"); *Grindley v. Kijakazi*, 9 F.4th 622, 631 (8th Cir. 2021) (explaining an ALJ's reasoning must be "clear enough to allow for appropriate judicial review" (quotation omitted)). The Court cannot say this error was harmless since the vocational expert indicated absenteeism for two or more days per month on an ongoing basis or the addition of more unscheduled breaks during the workday would be work preclusive. R. at 63–64. Accordingly, remand is necessary to determine whether, and to what extent, the ALJ considered Plaintiff's testimony.

## II. Dr. McMillen and Nurse Murphy's opinions.

Plaintiff also argues the ALJ errored by failing to adequately articulate and support her assessment of Dr. James McMillen, and Nurse Practitioner Robin Murphy's opinions.

Because Plaintiff filed her application for disability in 2020, the new regulations apply. The new regulations require the ALJ to determine the persuasiveness of a medical opinion using the following factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors. 20 C.F.R. § 404.1520c(a)-(c). Supportability and consistency are the most important factors to consider, and an ALJ must explain how both of those factors are considered. 20 C.F.R. § 404.1520c(b)(2). An ALJ's failure to address either the consistency or supportability factor in assessing the persuasiveness of a medical opinion requires reversal. *See Bonnett v. Kijakazi*, 859 Fed. App'x. 19, 20 (8th Cir. 2021) (unpublished) (per curiam) (reversing where ALJ evaluated supportability factor but not consistency factor). ALJs need not explain in their decision how they weighed the other factors. 20 C.F.R. § 404.1520c(b)(2).

Here, with regard to Dr. McMillen and Nurse Murphy, the ALJ stated:

The opinion of Dr. James McMillen is not persuasive (B24F). Dr. McMillen opined that the claimant could lift less than 10 pounds occasionally; sit for less than 2 hours in an 8-hour workday; and stand less than 2 hours in an 8-hour workday. Dr. McMillen also opined that the claimant needs to elevate her legs to hip level for

6

> 90% of the day due to swelling; would be offtask [sic] 25% of the workday; would need hourly unscheduled breaks, etc. (B24F). Similarly, Robin Murphy, FNP, was the prior consultative examiner who also opined that the claimant would require hourly breaks and can stand/walk for less than 2 hours total in an 8-hour workday (B6F). I do not find these opinions persuasive. They are not supported by the symptoms cited. Although the claimant's hips and back impairments support limiting her to sedentary work, her muscle strength does not support the extensive breaks. Further, they are not consistent with the record, which does not establish the extensive swelling referred to (B25F/8; B19F/62). Nurse Murphy's opinion is also remote to the relevant period.

R. at 17.

Plaintiff argues, in part, the ALJ only addressed the supportability and consistency of certain limitations Dr. McMillen and Nurse Murphy opined about rather than the supportability and consistency of their opinions as a whole.[2] Plaintiff points to other evidence in the record that supports their opinions and claims the ALJ cherry-picked the record for "normal" findings in order to discount their opinions. Pl.'s Br. at 16–17, ECF No. 10. Because the Court is remanding this case for another reason, and the ALJ may hold a new hearing or issue a revised decision which also might address this claim, the Court declines to address it at the present time.

## Conclusion

Because the Court cannot determine whether the ALJ's decision is supported by substantial evidence, this matter is REMANDED to the Commissioner for further proceedings consistent with this Order.

**IT IS SO ORDERED.**

Date: January 26, 2024            /s/ Greg Kays
                                  GREG KAYS, JUDGE
                                  UNITED STATES DISTRICT COURT

---

[2] Specifically, Plaintiff argues the ALJ only found Dr. McMillen and Nurse Murph's opinions regarding breaks and swelling were unsupported and inconsistent with the record but failed to address their opinions that Plaintiff "was significantly limited in her ability to sit, stand, attend work, and remain on task during the workday." Pl.'s Br. at 14, ECF No. 10.